FILED
OCT - 7 2016
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Deborah Diane Fletcher, ) | |
| ) | |
| Plaintiff, ) | Case: 1:16-cv-02011 |
| ) | Assigned To : Unassigned |
| v. ) | Assign. Date : 10/7/2016 |
| ) | Description: Pro Se Gen. Civil (F Deck) |
| Cristopher Reed, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff has submitted a Complaint described as a suit for "rape and kidnap." Compl. at 1. Plaintiff makes disturbing allegations against the lone defendant, and she seeks $4 billion in money damages. The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. See Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. See Fed. R. Civ. P. 12(h)(3).

1

The complaint's allegations do not present a federal question, and plaintiff has not stated the residency of the defendant to satisfy diversity jurisdiction. Hence, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: October 6, 2016

_____
United States District Judge